UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TECHNICAL ENGINEERING                    CIVIL ACTION
CONSULTANTS, LLC
                                         NO. 11-1579"B"(4)
VERSUS

ROGERS BEALL d/b/a FORTESA               JUDGE LEMELLE
INTERNATIONAL-SENEGAL,
FORTESA INTERNATIONAL, INC., &           MAGISTRATE JUDGE ROBY
FORTESA INTERNATIONAL-SENEGAL, LDC.


**ORDER AND REASONS**

For the following reasons, Fortesa International, Inc.'s
Motion to Dismiss is **DENIED WITHOUT PREJUDICE TO REURGE**.

On or about April 27, 2010, Plaintiff Technical Engineering
Consultants, L.L.C. ("TEC") entered into a Master Service Agreement
("contract") with Defendant Beall and Fortesa International -
Senegal(collectively, "Beall"), to provide professional engineering
services. Beall met with representatives of TEC in Jefferson
Parish, Louisiana to confect the contract, and the services were
provided by TEC in Jefferson Parish, Louisiana. TEC invoiced Beall
for the services rendered. TEC alleges that $275,817.21 remains
unpaid. (State Court Petition, Rec. Doc. No. 1-2).

After TEC demanded payment of its invoices, Beall forwarded to
TEC a check from Fortesa International, Inc. ("FII"), authorized by
Fortesa International-Senegal, LDC ("FIS") for a portion of the
outstanding invoice amount. *Id*. TEC alleges that at no time prior
to the tender of this check did Beall disclose any agency

1

relationship with FII or FIS. *Id*.   TEC alleges further that Beall, FIS, and FII operated as a single business entity. (Amended Complaint, Rec. Doc. No. 8).

Defendants FIS, FII, and Beall removed the action to federal court under diversity jurisdiction (Petition for Removal, Rec. Doc. No. 1). The Notice of Removal asserts that FII and Rogers Beall have no contractual relationship with TEC, and are improper parties to the action. *Id*. Defendant FII now moves to dismiss the claims filed against it, for lack of personal jurisdiction.

Defendant FII contends that it is a foreign corporation domiciled in Texas with no minimum contacts in Louisiana, and that it is thus not subject to personal jurisdiction in this Court. Specifically, FII argues that it has not purposefully directed any activities toward this forum state: it has no business operations here, owns no assets, has no offices here, does not solicit business here, and has never contracted here. FII argues, further, that its payment through FIS does not suffice to establish minimum contacts, and that its payment does not establish FII as a single business entity with FIS and/or Beall.

Plaintiff TEC contends that because Rogers Beall is the CEO of FII and FIS, TEC met with Rogers Beall and the FII project manager in Louisiana regarding the contracted services, sent invoices to FII's office in Texas for the first two years of work, received check and wire transfer payments from FII, and received the offer

of partial payment from FII, the minimum contacts are established such that this Court can exercise jurisdiction over FII.

When a non-resident defendant moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of showing that personal jurisdiction exists. *Stuart v. Spateman*, 772 F.2d 1185, 1192 (5th Cir. 1985). If the district court does not hold a full evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). Proof by a preponderance of the evidence is not required. *D.J. Investments, Inc. V. Metzeler Motorcycle Tire Agent Gregg, Inc.* 754 F.2d 542, 545-56 (5th Cir. 1985). On a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in favor of the non-moving party for purposes of determining whether a *prima facie* case for personal jurisdiction exists. *Id*. at 546. Eventually, the plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial; until such a hearing is held, a *prima facie* showing suffices to defeat the motion to dismiss. *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1271 n. 12 (5th Cir. 1983)(quoting *Marine Midland Bank N.A. v. Miller*, 664 F.2d 899, 904 (2nd Cir. 1981)(cited in *Brown v. Flowers Industries, Inc.*, 688 F.2d 328, 333 (5th Cir. 1982)).

A federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over the defendant, and (2) the exercise of the federal court's jurisdiction comports with due process. *Ruston Gas Turbine, Inc. v. Donaldson Company, Inc.* 9 F.3d 415, 418 (5th Cir. 1993). The limits of the Louisiana Long-Arm Statute (La.R.S. 13:3201(B)) are coextensive with the limits of constitutional due process. *A&L Energy, Inc. V. Pegasus Group*, 00-3255 (La. 6/29/01), 791 So.2d 1266, 1270. Therefore, a federal court sitting in Louisiana need only determine whether the exercise of personal jurisdiction satisfied the requirements of constitutional due process. *Bona Fide Demolition & Recovery, LLC v. Crosby Construction Co. of La., Inc.* 690 F.Supp.2d 435, 442 (E.D.La. 2/1/2010). Due process supports the exercise of jurisdiction over a non-resident defendant where the defendant has established minimum contacts within the forum state and the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The minimum contacts prong of the two-part test of *International Shoe* is satisfied by a single act or series of actions directed to a resident of the forum state by which the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the

benefits and protections of its laws." *Burger King Corp. V. Rudzewicz*, 471 U.S. 462, 475 (1985).

The second part of the due process test centers around the fairness of asserting jurisdiction over the defendant. *International Shoe*, 326 U.S. at 316. The defendant's connection with the forum state must be such that he "should reasonably anticipate being haled into court" there. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)(quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Specific jurisdiction over a non-resident defendant is appropriate when that defendant has purposefully directed its activities into the forum state, and the litigation at issue results from, arises out of, or relates to those activities. *Burger King*, 471 U.S. at 473.

Generally, corporations function as distinct legal entities. *Hollowel v. Orleans Regional Hospital, LLC*, 217 F.3d 379, 385 (5th Cir. 2000)(citing *Riggins v. Dixie Shoring Co.*, 590 So.2d 1165, 1167 (La.1991)). Nevertheless, when two or more corporations constitute a single business enterprise, a court may "disregard the concept of corporate separateness and extend liability to each of the affiliated corporations." *Bona Fide Demolition and Recovery, LLC*, 690 F.Supp.2d at 443 (citing among other cases *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 335 (5th Cir. 2007), *Gundle Lining Construction Corp. V. Adams County Asphalt, Inc.*, 85 F.3d 201 (5th Cir. 1996)). A single business enterprise "occurs when a

corporation is found to be the 'alter ego, agent, tool or instrumentality of another corporation.'" *Id*. (citing *Dishon v. M. Ponthie*, 918 So.2d 1132, 1135 (La.App. 3 Cir. 12/30/05)).

While traditional veil piercing cases require consideration of four or five factors, single business enterprise cases use an eighteen-factor test in which no factor is dispositive. The list of eighteen factors is non-exhaustive, and the court must still consider the totality of the circumstances. *Bona Fide Demolition and Recovery, LLC*, 690 F.Supp. 2d at 444 (citing *Green v. Champion Ins. Co.*, 577 So.2d 251-253 (La. App. 1 Cir. 1991). The following eighteen factors require the court to look to the substance of the corporate structure, rather than to its form:

1.   Corporations with identity or substantial identity of ownership, that is, ownership of sufficient stock to give actual working control;

2.   Common directors or officers;

3.   Unified administrative control of corporations whose business functions are similar or supplementary;

4.   Directors or officers of one corporation act independently in the interest of that corporation;

5.   Corporation financing another corporation;

6.   Inadequate capitalization ("thin incorporation");

7.   Corporation causing the incorporation of another affiliated corporation;

8.  Corporation paying the salaries and other expenses or losses of another corporation;

9.  Receiving no business other than that given to it by its affiliated corporations;

10. Corporation using the property of another corporation as its own.

11. Noncompliance with corporate formalities;

12. Common employees;

13. Services rendered by the employees of one corporation on behalf of another corporation;

14. Common offices;

15. Centralized accounting;

16. Undocumented transfers of funds between corporations;

17. Unclear allocation of profits and losses between corporations.

18. Excessive fragmentation of a single enterprise into separate corporations.

*Green v. Champion Ins. Co.*, 577 So.2d 249, 257-58 (La. App. 1 Cir. 1991).

Considering these factors, the totality of the circumstances as presented thus far, and the substance of the structures of Fortesa International-Senegal, Fortesa International, Inc., and Fortesa International-Senegal, LDC, Plaintiff TEC has made a *prima facie* showing that these corporations are a single business

enterprise such that the minimum contacts of one may be imputed to all. As TEC points out, further discovery into some of these factors is necessary before jurisdiction can be established by a preponderance of the evidence.

Rogers Beall is the President and CEO of both FII and FIS, and Nicholas Rockecharlie is the CFO of both FII and FIS; FII caused the incorporation of FIS; FII issued a check from its bank account to cover debts it claims were owed by FIS; FII accepted payment under the TEC contract for two years; FII has no meaningful clients other than its affiliated corporations; and FII and FIS share a common office in Texas.

It is undisputed that Rogers Beall and at least one corporate Fortesa entity entered into the contract with TEC in Louisiana. The minimum contacts established by that transaction, and the instant litigation arising from that contract, establish this court's specific personal jurisdiction over FII, at least at this preliminary stage of the litigation.

Accordingly, Defendant Fortesa International, Inc's motion to dismiss for lack of personal jurisdiction is denied without prejudice to reurge.

New Orleans, Louisiana, this 30th day of September, 2011.

_____
UNITED STATES DISTRICT JUDGE

8