```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

TECHNICAL ENGINEERING                    CIVIL ACTION
CONSULTANTS, LLC
                                         NO. 11-1579
VERSUS

ROGERS BEALL d/b/a FORTESA               SECTION "B"(4)
INTERNATIONAL-SENEGAL,
FORTESA INTERNATIONAL, INC., &
FORTESA INTERNATIONAL-SENEGAL, LDC.

## ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment on the Issue of Attorney Fees (Rec. Doc. No. 62) filed jointly by defendants Rogers Beall (incorrectly listed as Rogers Beall d/b/a Fortesa International-Senegal), Fortesa International, Inc. ("Fortesa International"), and Fortesa International-Senegal ("Fortesa Senegal") (collectively "Defendants"). In response, Plaintiff, Technical Engineering Consultants, LLC ("TEC"), filed a Cross Motion for Partial Summary Judgment on the Issue of Attorney Fees (Rec. Doc. No. 71).[1] Defendants filed a Memorandum in Opposition to the Cross Motion of TEC for Attorney Fees (Rec. Doc. No. 80), to which TEC then filed a reply. (Rec. Doc. No. 90). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Defendants' Motion for Partial Summary Judgment on the Issue of Attorney Fees (Rec. Doc. No. 62) is **DENIED**

---

[1] A second copy of TEC's Memorandum in Support of the Cross Motion was later filed with the Court. (Rec. Doc. No. 73).

**WITH PREJUDICE. IT IS FURTHER ORDERED** that TEC's Cross Motion Cross Motion for Partial Summary Judgment on the Issue of Attorney Fees (Rec. Doc. No. 71), is **GRANTED**, contingent upon a finding of liability of Defendants toward TEC.

## PROCEDURAL HISTORY

TEC, a Louisiana corporation, provides engineering design services on various projects, e.g., planning structures for the exploration and production of oil and gas. (Rec. Doc. No. 77 at 2). In 2008, Greg Seipel, an agent for Defendants, contacted TEC to inquire about design services for installations for oil and gas exploration in the Republic of Senegal. *Id.* at 4-5. Defendants allege that TEC initially presented a proposal to perform the necessary work for $155,000. (Rec. Doc. No. 69-1 at 2). Defendants further allege that TEC performed additional work, outside the scope of the proposal and without approval, that resulted in a cost increase of $125,000. *Id.* However, TEC alleges that Seipel authorized the additional work that it completed. *Id.*

On or about April 27, 2010, TEC entered into a Master Service Agreement ("Agreement") with Beall and Fortesa Senegal to provide engineering services.[2] (Rec. Doc. No. 71-1 at 2). Although Beall

---

[2]TEC alleges that Beall, Fortesa International, and Fortesa Senegal operated as a single entity. (Rec. Doc. No. 17 at 2). TEC also claims that it believed it was to provide services for Fortesa International, a Texas corporation, and that Beall acted as the agent for that company. (Rec. Doc. No. 77 at 5). However, Fortesa International claims that it never contracted with or did

received the Agreement, he never returned a signed copy to TEC. (Rec. Doc. No. 71-1 at 2). TEC claims that Defendants owe an outstanding balance of $275,817.21 for the performance of those services. *Id.* On February 14, 2011, after TEC demanded payment, Defendants offered a settlement of $125,000 in exchange for a "full and complete release of any claims." (Rec. Doc. No. 71-2 at 43). TEC refused that offer, and Defendants then forwarded to TEC a check from Fortesa International, in the amount of $155,000. (Rec. Doc. NO. 71-2 at 50). TEC did not accept that check. (Rec. Doc. No. 80 at 2).

On May 31, 2011, TEC filed suit against Defendants in the 24th Judicial Court for Jefferson Parish, claiming Defendants owed TEC for unpaid invoices for engineering services rendered. (State Court Petition, Rec. Doc. No. 1-2). On July 5, 2011, Defendants filed for removal of the case to federal court. *Id.* Subsequently, Defendants filed an answer, as well as a counterclaim, alleging that TEC failed to provide a satisfactory work product. *Id.* Later, on July 9, 2012, Defendants filed the instant motion. (Rec. Doc. No. 71-1 at 3).

---

business with TEC. (Rec. Doc. No. 10-1 at 3-4). This is despite the fact that TEC sent its invoices to Fortesa International and received payment for those invoices from Fortesa International for two years. (Rec. Doc. No. 77 at 5).

## LAW AND ANALYSIS

**A. STANDARD OF REVIEW**

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of proving there is no material factual dispute. *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment must support the motion by citing to materials in the record, such as "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits." *Celotex Corp.*, 477 U.S. at 322; Fed. R. Civ. P. 56(c). Where the moving party has met its initial burden, the nonmoving party must go beyond the pleadings and designate specific facts showing that a genuine issue for trial exists. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

On review, courts must draw all reasonable inferences and weigh the evidence in favor of the nonmoving party. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d. 395, 399 (5th Cir. 2008) (quoting *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 408 (5th Cir. 2002)). When a reasonable jury could return a verdict in favor of the nonmoving party based on the evidence, a genuine issue of material fact exists. *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006).

**B. ATTORNEY FEES**

Because this is a diversity case, Louisiana law governs the issue of attorney fees. *KF Industries, Inc. v. Technical Control System, Inc.*, 89 Fed. Appx. 881, 885 (5th Cir. 2004). Under Louisiana law, an award of attorney fees is generally not permitted unless expressly provided for by statute or by a contractual agreement between the parties. *Langley v. Petro Star Corp. of La.*, 792 So.2d 721, 723 (La. 2001); *see also*, Saúl Litvinoff, 6 Louisiana Civil Law Treatise: The Law of Obligations, § 12.15 at 354 (West Group 1999). "Louisiana law specifically provides for recovery of attorney fees in suits on open accounts." *KF Industries, Inc.*, 89 Fed. Appx. at 885; LA. REV. STAT. ANN. § 9:2781(A) (2012). However, because Louisiana is a fact-pleading jurisdiction, TEC did not need to state the legal theory on which it sought attorney fees in the original complaint filed in state court. *Montalvo v. Sondes*, 637 So.2d 127, 131 (La. 1994). Also, TEC specifically requested attorney fees in its Amended Complaint (Rec. Doc. No. 8) as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 9(g); *United Industries, Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 765 (5th Cir. 1996).

The Louisiana Supreme Court has cautioned that attorney fees are "exceptional and penal in nature," so § 9:2781(A) should be strictly construed. *Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc.*, 449 So.2d 1014, 1015-16 (La. 1984). A claim for

5

breach of contract and a claim under the Open Account Statute are distinct causes of action. *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 174 (5th Cir. 2007). Although an open account is a contract by nature, it is distinguishable from a conventional obligation. *Smith v. Albrecht*, 965 So.2d 879, 881-82 (La. Ct. App. 1st 2007).

The Louisiana Civil Code defines a contract, on the one hand, as "an agreement by two or more parties whereby obligations are created, modified, or extinguished."[3] LA. CIV. CODE ANN. art. 1906 (2012). On the other hand, an open account, "includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions."[4] LA. REV. STAT. ANN. § 9:2781(D) (2012). Alternatively, Louisiana courts have defined an open account as one in which "a line of credit is running and is open to future modification because of expectations of prospective business dealings." *Signlite, Inc. v. Northshore Service Center, Inc.,* 959 So.2d 904, 907 (La. Ct. App.

---

[3]Similarly, Black's Law Dictionary defines a contract as: "An agreement between two or more parties creating obligations that are enforceable or otherwise recognizable at law." Black's Law Dictionary 341 (8th ed. 2004).

[4]Black's Law Dictionary defines an open account as: "An unpaid or unsettled account. An account that is left open for ongoing debit and credit entries by two parties and that has a fluctuating balance until either party finds it convenient to settle and close, at which time there is a single liability." Black's Law Dictionary 20 (8th ed. 2004).

6

1st Cir. 2007); *Tyler v. Haynes*, 760 So.2d 559, 563 (La. Ct. App. 3d Cir. 2000). An open account "generally leaves undetermined key aspects of the obligation, such as the time period during which services will be rendered or the total cost of the services for which a party may be liable." *Congress Square Ltd. Partnership v. Polk*, No. 10-317, 2011 WL 837144, at *5 (E.D. La. March 4, 2011); *Mid-South Analytical Labs, Inc. v. Jones, Odom, Spruill & Davis, LLP*, 912 So.2d 101, 107 (La. Ct. App. 2d Cir. 2005).

In order to determine whether a contract constitutes an open account, Louisiana courts must consider: (1) whether other business transactions between the parties existed; (2) whether one party extended a line of credit to another; (3) whether there are running or current dealings; and (4) whether there are expectations of future dealings. *Paz v. BG Real Estate Services, Inc.*, 921 So.2d 186, 188 (La. 2005). However, the Open Account Statute does not require that the parties anticipate future transactions. *Frey Plumbing Co., Inc. v. Foster*, 996 So.2d 969, 972 (La. 2008).

In the instant case, based on the evidence in the record, the contract between the parties appears to be an open account rather than a conventional obligation. First, the language of the Agreement contemplates a series of transactions, not one particular performance. (Rec. Doc. No. 62-3 at 12). Second, Defendants requested that TEC provide a proposal with an *estimated* project cost, which indicates that the $155,000 figure submitted by TEC was

not unalterable and was subject to fluctuation. (Rec. Doc. No. 62-3 at 11). Indeed, as Defendants alleged, an agent of Defendants authorized TEC to undertake the additional work that TEC in fact performed. (Rec. Doc. No. 39). Third, the invoices sent to Defendants by TEC represent work billed at hourly rates on a bi-monthly basis,(Rec. Doc. No. 90 at 6-7). These facts evidence "a line of credit" as well as "running dealings." *Mid-South Analytical Labs, Inc.*, 912 So.2d at 105. Fourth, the record does not indicate expectations of future dealings between the parties, but that factor alone is not fatal to the determination of whether a contract is an open account. *See Frey Plumbing Co., Inc.*, 996 So.2d at 972. Considering all of the abovementioned factors, including the lack of a definitive price or time, the contract between TEC and Defendants falls within the ambit of the Open Account Statute.

In sum, as this is a suit on an open account, TEC is entitled to an award of attorney fees if "judgment on the claim is rendered in favor of [TEC]." LA. REV. STAT. ANN. § 9:2781(A) (2012). TEC (1) sent a written demand to Defendants for the amount claimed, and (2) that amount was unpaid after thirty days. *Id.* Thus, both requirements necessary for the recovery of attorney fees under the Open Account Statute for the prosecution and collection" of a claim are satisfied in the instant case.

## **CONCLUSION**

Accordingly, **IT IS ORDERED** that Defendants' Motion for Partial

Summary Judgment on the Issue of Attorney Fees (Rec. Doc. No. 62) is **DENIED WITH PREJUDICE. IT IS FURTHER ORDERED** that TEC's Cross Motion Cross Motion for Partial Summary Judgment on the Issue of Attorney Fees (Rec. Doc. No. 71), is **GRANTED**, contingent upon a finding of liability of Defendants toward TEC.

New Orleans, Louisiana, this 13th day of September, 2012.

UNITED STATES DISTRICT JUDGE